## In re JONES' ESTATE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. EXECUTORS—ACCOUNTING—LIMITATIONS.

> Where one is executrix as well as life tenant under a will, and takes possession of the property as executrix, proceedings to have her account as such are not barred by limitations, though she also holds as life tenant, she not having taken steps to devest herself as executrix, further than to file an account, on which no action was taken.

2. SAME.

> Remainder-men who are entitled only to a judicial settlement of the accounts of the executrix, who is also the life tenant, have no remedy at law, so that their application for an accounting is not barred under the rule that where there is a remedy at law against which the statute has run it will be deemed to have run against any other proceeding.

> Ingraham, J., dissenting.

Appeal from order of surrogate, New York county.

In the matter of the estate of Isaac F. Jones, deceased. From an order made on petition of Millie A. Jones and another, requiring Mary E. Gulick to account as executrix (63 N. Y. Supp. 726), she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Frank Schaeffler, for appellant.
D. Frank Lloyd, for respondents.

RUMSEY, J. On the 12th of January, 1871, letters testamentary were issued to the appellant, Mary E. Gulick, and she took possession of the property of the estate as executrix of the decedent. By the will the petitioners, who are the grandchildren of the testator, are entitled to the residuary estate after the termination of life estates in certain legatees of whom Mrs. Gulick, the executrix, is the last survivor. The petition states that Mrs. Gulick has never filed her accounts as executrix, and such facts are alleged as show it to be proper that an accounting should be ordered. Upon the filing of this petition the surrogate issued a citation returnable on the 9th of January, 1900, directed to Mrs. Gulick, to show cause why her accounts as such executrix should not be filed and judicially settled. On the return day of the citation Mrs. Gulick filed her answer. It denied no part of the petition except the allegation that she had disposed of and appropriated to her own individual use a large amount, if not all, of the personal property which had come into her hands as executrix. It alleged, however, that on the 28th of April, 1873, she had filed her account of her proceedings as executrix with the vouchers in support of it, but it did not allege that any judicial settlement had ever been had, or any decree entered. She pleaded in her answer the statute of limitations. Upon the petition and answer the surrogate made an order requiring Mrs. Gulick to render and file her account as executrix, and procure it to be judicially settled. From this order this appeal is taken, and the only question is whether the statute of limitations has run against the petitioners so

as to preclude them from having a judicial settlement of Mrs. Gu-
lick as the executrix of their grandfather.    There can be no doubt
that Mrs. Gulick, when she assumed the duties of executrix, became
a trustee for the persons who were entitled to share in the estate
under the will; and, so long as she held the estate in that capacity,
and did not assume any position adverse to the rights of her cestuis
que trustent, the liability to account as trustee existed.    The rule
is that, as long as there is a subsisting and continuing trust, ac-
knowledged or acted upon by the parties, the statute does not apply;
but if the trustee denies the right of his cestui que trust, and the pos-
session of the property becomes adverse, lapse of time from that pe-
riod becomes a bar in equity.    Kane v. Bloodgood, 7 Johns. 89.    Un-
til that adverse possession comes to exist, and the trust for that reason
becomes extinguished, the cestui que trust is entitled to his accounting.
In re Camp, 126 N. Y. 377, 27 N. E. 799.    It is claimed by the appel-
lant here that she has ceased to hold this estate in her capacity of
executrix, and that at some time—but just when does not appear—
she took it for life under the will.    She bases that claim upon the
statement in the petition that the life estate is now enjoyed by her as
provided in said will.    This statement, not having been denied, must
be assumed to be true, but it must be taken in connection with the
other allegations of the petition and answer to the effect that, al-
though she has filed an account, she has never had a judicial settle-
ment of that account; and there is no decree of the surrogate fixing
the amount of the estate in her hands, or requiring her as executrix
to pay over the money so in her hands to the persons entitled as
legatees to the life estates.    Although she has a life estate, that fact
does not create any presumption that she has transferred the prop-
erty from herself as executrix to herself as legatee for life, and cer-
tainly there is no presumption that such transfer was known to the
residuary legatees, or that they ever became aware that she had
ceased to hold the estate as executrix; and, that being so, the rule
laid down in the Case of Camp, supra, clearly applies.    In that case a
general guardian had received, in 1866, money for property of his
wards, which he had sold.    He was entitled to hold the money during
his life as tenant by the curtesy.    The infants became of age in 1872,
and in 1888 they brought a proceeding to compel him to account as
general guardian for the money which he had received in 1866.    The
court held that the statute of limitations was not a bar to the proceed-
ing, because the guardian, having obtained possession of the fund in
that capacity, must be deemed to have dealt with it as such as well
as in that of tenant by the curtesy, and therefore he occupied the
position of a trustee, which prevented the running of the statute; and
as long as the money remained in his hands as guardian, and unac-
counted for, the right of those interested in the estate to have an
accounting continued to exist.    That is precisely this case.    Mrs. Gu-
lick took the property as executrix, and she has never taken any steps
to devest herself as executrix, and to hold the property as tenant for
life, and, so long as she holds in both capacities, the petitioners are en-
titled to an accounting.    But it is said the petitioners had a remedy
at law, and that the rule is that, where a remedy at law exists against

which the statute of limitations might have run, it will also be deemed to have run against any other proceeding. Kane v. Bloodgood, supra. But the respondents had no other remedy. They were not entitled to this property as long as Mrs. Gulick continued to live. They were entitled, however, to a judicial settlement of her accounts as executrix, and to a determination by the surrogate of the amount of the estate she held as such, and that they could obtain in no other way than by the application they have made here. The rule laid down in Kane v. Bloodgood does not apply, therefore, and there is no reason why the petitioners should not be entitled to the accounting which they seek.

The judgment must therefore be affirmed, with costs to the respondents.

PATTERSON and HATCH, JJ., concur. VAN BRUNT, P. J., concurs in result.

INGRAHAM, J. (dissenting.) I do not concur in the affirmance of this decree. This proceeding was instituted by a citation issued in the surrogate's court requiring the appellant to show cause why she should not make, render, and file a sworn account as executrix of the last will and testament of Isaac F. Jones, deceased, based upon a petition of one Millie A. Jones and Mary E. Gulick, which alleges that the petitioners were granddaughters of the said Isaac F. Jones, deceased, who died in or about the year 1870, leaving a last will and testament, by the terms of which the petitioners were entitled to all the residuary estate of the deceased, both real and personal, subject to a life estate of Mary Ann Jones (wife of decedent) and Mary Elizabeth Gulick, née Jones (a daughter of decedent); that the said Mary Ann Jones is now deceased, and the said life estate is now enjoyed by the survivor, Mary Elizabeth Gulick, as is provided in said will; that letters testamentary on the estate of the said deceased were granted by the surrogate of the city and county of New York to the said Mary Elizabeth Jones—now Gulick—on the 12th day of January, 1871; that the said Isaac F. Jones left at the time of his death certain real estate situated in the city and county of New York, and certain personal property; that the said executrix has disposed of and appropriated to her own individual use a large amount, if not all, of the personal property which came to her as executrix aforesaid. Mary E. Gulick answered this petition, alleging that on the 28th day of April, 1873, she filed her account of proceedings as executrix, together with the vouchers in support thereof; that this proceeding was commenced, and the acts of this respondent, if any, complained of in said petition, occurred not only after the expiration of seven years from the grant of letters to this respondent, but after the expiration of upwards of twenty years from such grant of letters; and denying the allegation of the petition that she had appropriated to her own individual use the property which came to her as executrix; and prays that the proceedings may be dismissed. Upon this petition and answer the surrogate granted the order requiring the executrix to account, and from that order this appeal is taken.

The will of the decedent is not a part of the record, and we are, therefore, to take the statement of the contents of the will as contained in the petition. From that it would appear that this appellant was entitled to the property of the decedent as a life tenant under the will, and that the interest of the remainder-men (the petitioners) would only accrue upon the termination of the life estate. No trust was created, and there is no allegation that this appellant held any part of the property of the estate as executrix within 20 years from the commencement of this proceeding. The proceeding is not instituted to recover a legacy, or to require a trustee to account, but to require an executrix to whom letters were issued over 27 years prior to the commencement of the proceeding to render an account of her proceedings, without any allegation that the person required to account had acted as executrix within 20 years, or had, within that period, been in possession of any fund of the estate as executrix, and without asking for any relief based upon such an accounting, or alleging any right to such relief. When the proceeding was brought before the surrogate it seems to have been heard upon the petition and answer. No evidence was offered by either party. To sustain the decree appealed from, it must appear that from the allegations of the petition, not denied by the answer, the petitioners were entitled to compel the appellant to account, and from these allegations it seems to me that such right was barred by the statute of limitations. It must be borne in mind that there is no application here to require the life tenant to give security, or to disclose the condition of the property held by such life tenant. Whatever right these petitioners would have to require such disclosure or security must be enforced in a different tribunal. That this is a special proceeding under the Code, and that the rule of limitation applicable thereto is the same as if it were a civil action, is settled; and that "as to legacies not charged upon land, distributive shares of an estate, and debts owing by the decedent, the statutes of this state give a concurrent remedy to legatees, creditors, and next of kin in courts of law and equity and in the surrogate's court, and that, as the statute of limitations is a bar at law, it is also a bar in the surrogate's court or in a court of equity." In re Rogers' Estate, 153 N. Y. 322, 47 N. E. 589. Prior to September 1, 1880,—the time when the provisions of the Code of Civil Procedure took effect,—the right of a legatee or other person interested in the estate of a decedent to require an executor or administrator to account accrued 18 months after the issues of letters. Assuming that these petitioners would have a right to call upon the executrix of this decedent to account, that right accrued on the 12th day of July, 1872. If an accounting had then been had, the executrix would have been directed to deliver the estate to the life tenants for use during their lives; and the petition alleges that one of the life tenants is now in the possession of the estate under a will which it is alleged gave to her and her co-tenant a life estate in the testator's property. Whatever right these petitioners acquired, was as legatees or devisees under the will of the decedent. As was said by the supreme court in the case of Society v. Hebard, 51 Barb. 569, affirmed by the court of appeals in 41 N. Y. 619:

"The trust intended never having gone into operation or had a legal existence, there never was any technical trust in favor of the plaintiffs, and no relation of trustee and cestui que trust of that character between the plaintiffs and the defendants. The relation was simply that of executor and legatee, and the trust was of that character only. The right of the plaintiffs to the half of the contemplated fund, was a vested right from the beginning, or, in any event, at the death of the widow; and an action could unquestionably have been maintained therefor immediately upon the expiration of the year after the granting of letters testamentary. If an action could have been maintained in the nature of a legal action to recover the legacy bequeathed, the right of action is barred by statute, as more than six years had elapsed since the expiration of the year before this action was commenced."

There being thus no trust relation, the right of the petitioners to require the executrix to account depended solely upon her position as a legatee under the will of the decedent. That right accrued at the latest 18 months after the issue of letters testamentary, and it would seem that, if an action had been brought for an accounting in the supreme court as executrix, it would have been barred by the 10-year statute of limitations, and, as the same rule as to limitations applied to special proceedings in the surrogate's court for an accounting, the 10-year statute of limitations applied. In re Rogers' Estate, supra. Upon the conceded facts these petitioners are not entitled to the present possession of either the real or personal property of the decedent. Under the will of the decedent the appellant was entitled, as life tenant, to the possession of the real estate for life, and to the possession, with or without security, of the personal property during her life. In Re Camp, 126 N. Y. 377, 27 N. E. 799, it appeared that Camp, the petitioner in that proceeding, had received the amount of the award for certain real estate in condemnation proceedings which had been the property of his wife, and in which he had an estate for life as tenant by the curtesy. He had been appointed guardian of his children, and as such had received the award made for the property. He subsequently invested the amount received in his business, in which it was totally lost. Subsequently his children presented a petition to the surrogate to require him to account as guardian. Upon such an accounting the facts before stated appeared. The surrogate held that the guardian was liable to account for the amount, but that he was entitled to be credited as against that sum with the value of his life interest on the 18th of February, 1868, and the value of such life interest in the share of the petitioner was computed by the Northampton tables and the rules then in force, and the surrogate gave judgment against the guardian for the amount that he had received, less such life interest. The general term of the supreme court modified the said judgment so as to charge the guardian with the full sum received by him, with interest from the time he received it, and, as so modified, affirmed the decree of the surrogate. Upon an appeal to the court of appeals it was held that the appellant was entitled to the fund for life, and that he held the same in that capacity, but also held the fund as guardian of the infant under his appointment as such, and his receipt of the money in that capacity. The court there said:

"It appears, however, that the appellant has in truth lost the fund which he received, and that he is unable to repay the same, having used it in his business, in which he lost heavily, and which he was finally compelled to aban-

don, and the appellant may probably fairly be regarded as an insolvent. What order may be made in such a case depends upon the question of the extent of the jurisdiction of the surrogate, which I shall discuss later on."

It was also held that:

"The guardian has obtained possession of the fund as guardian, and he deals with it, not alone in his own right as life tenant in this case, but he also deals with it as the property of others confided to his care. In this sense he occupies the position of a trustee so far as to prevent the running of any statute of limitation in his favor regarding the property intrusted to him." That the surrogate "has no power in such case to decree the payment by the guardian to the ward, even if the fund remained in the guardian's hands; and it is difficult to see how he obtains any greater right in the case because it appears that the guardian has lost the money. Having no right to order its payment to the ward if the guardian still had it, no such power arises from the fact that the guardian has it not. The surrogate exercises only such jurisdiction as has been specially conferred by statute, together with those incidental powers which may be requisite to carry out such jurisdiction. * * * Payment, in a proper case, is part of an accounting; and where a surrogate has power to order an accounting he has power to decree a payment of whatever sum is found due and then payable to the ward. But the difficulty here is that the ward is not entitled to payment at present, and an order in regard to the fund, directing its payment to some third party or into court, would not be one which naturally grows out of a power to direct an accounting, but could rest only upon a power to see that a fund once rightfully in the hands of a guardian, and lost by him, should be in some way made good before the time arrived when it would become payable to the ward, and during the time when the use of it would belong to the party who had in truth lost it. I do not think this power comes under any legitimate exercise of the power to decree an accounting. The surrogate has no general jurisdiction over a guardian as a trustee. That power remains in the court of chancery or in its successor, the supreme court."

The power of a court of equity is then discussed, but the question as to what relief could be given was not determined. In that case the jurisdiction of the surrogate was based upon the fact that the life tenant was also guardian of the property, and as such guardian the surrogate had jurisdiction to compel him to account, but that the surrogate had no power to direct the payment of any money held by the life tenant, and thus his jurisdiction would solely exist in requiring an accounting as guardian; and, while the relation between a guardian and ward is of such a character as would prevent the statute of limitations from running in favor of the guardian, and would thus entitle the ward to call upon the guardian at any time for an account, the surrogate would have no jurisdiction over property held by the life tenant as such. In this proceeding the surrogate's court would have no jurisdiction to decree the payment of this sum to the remaindermen, and no jurisdiction to grant them any relief as to the fund. The life tenant held no property in trust for the petitioner. The remainder has vested in the remainder-men and they were entitled to institute proper proceedings to protect it, but as to such proceedings the surrogate had no jurisdiction. In re Camp, supra. In Re Van Dyke, 44 Hun, 394, it was expressly held by the supreme court in the First department that a special proceeding before a surrogate was subject to section 414 of the Code of Civil Procedure, and that such proceeding to enforce an accounting must be commenced within six years after the right to require it shall have accrued. I think, therefore, that,

as this proceeding is simply to compel an executrix who holds an estate as life tenant to account for property of the estate which she had received more than 27 years ago, and as the surrogate would have no power to make any decree directing the payment or disposition of the property, the right to compel an accounting is barred by the statute of limitations.