the woman, in that the defendant thereby prevented the reunion of the plaintiff and the woman, I cannot regard him as a mere stranger, intermeddler, or seducer, but as one who acted in the honest belief that he had the right to court the woman and to marry her.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.

---

(70 App. Div. 401.)

## In re SACK.

(Supreme Court, Appellate Division, Fourth Department. March 18, 1902.)

LIMITATIONS—ACCOUNTING BY GUARDIAN.

> Proceedings by infant, after arriving at majority, to require accounting by the guardian, are not barred by limitations, petitioner not having known till just before filing petition that the guardian received any money, and the guardian not having settled his accounts, or done anything in repudiation of his guardianship.

Appeal from surrogate's court, Niagara county.

In the matter of the judicial settlement of the account of Mary S. Sack as guardian of the estate of Rosa E. Freeland. From order denying motion to dismiss the petition to compel an accounting on the ground that it was barred by limitations, and requiring her to file an account as general guardian, said guardian appeals. Affirmed.

The petition in this proceeding shows that the appellant was duly appointed the general guardian of the petitioner by the decree of the surrogate's court on the 6th day of September, 1866; that as such guardian she received $1,536.-40, which consisted of pension moneys paid by the United States government for the benefit of said minor child of her deceased father; that the petitioner attained her majority April 28, 1883. No inventory or annual statement was ever made by the guardian, and no settlement of her account in that capacity has ever been rendered. The petition further states that the petitioner did not know that her guardian had ever received any money until within six months before the commencement of this proceeding. The petition was presented to the surrogate's court in August, 1901, and a citation issued on the 24th of that month, requiring the guardian to show cause why she should not settle her account. The guardian appeared and answered, alleging that she had expended for the benefit of her ward and paid to her all the moneys received, and further averred that the statute of limitations was a bar to the maintenance of the proceeding. Subsequently a motion was made to dismiss the petition on the ground that the claim was barred by the statute of limitations, which motion was denied, and the order appealed from was thereupon entered.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

D. E. Brong, for appellant.

David Millar, for respondent.

SPRING, J. We must assume upon this appeal that the appellant received over $1,500 belonging to her ward, which she still retains, and that the petitioner, until about the time of the commencement of this proceeding, did not know that her guardian had this money in her custody. During the long period elapsing since the petitioner became of age there has been no repudiation or disclaimer of the guardianship by the guardian, or of the receipt and retention of the

moneys by her in that capacity. While the duty was upon the guardian to initiate proceedings for the settlement of her account, she has disregarded this duty, and, if the allegations of the petition are true, has misappropriated the moneys belonging to her cestui que trust. To be sure, the respondent could have required an accounting, but the only object of resorting to the proceeding by her was to obtain from the guardian whatever belonged to the petitioner, and, if the latter believed there was no money in the custody of the guardian, she was not called upon to incur the expense and annoyance which such a proceeding might involve. The bare fact that nothing was done by the guardian either to settle formally her account in the surrogate's court or with the petitioner, indicated to the petitioner that the guardian had no funds in her hands. While there is considerable conflict in the authorities as to the operation of the statute of limitations in favor of a guardian or executor or administrator as against the ward or beneficiaries, we believe the doctrine may be regarded as settled to the extent, at least, of holding that where a ward, having reached his majority, believes that his guardian has no money belonging to him, and there has been no act of the guardian known to the ward in repudiation of the guardianship, the statute of limitations is no bar to a proceeding of this kind. In Re Camp, 126 N. Y. 377, 27 N. E. 799, the infant became of age in 1872, and did not commence the proceeding to compel his guardian to account until 1888, when the latter raised the question of the statute of limitations. In that case, as in the present, the petitioner was ignorant of the receipt of the moneys by the guardian until within a year prior to the commencement of the proceeding, and no inventory or account had ever been filed. The court, in discussing the proposition as to the running of the statute of limitations, uses this language at page 389:

"Although he may cease to be a guardian upon the ward coming of age, yet so long as the property remains in his possession as guardian, and unaccounted for, he must remain liable to account. This is no hardship upon the guardian, nor can it be the means of sustaining claims against him as such. The moment the ward arrives of age he may cite the guardian to account, and now, by Code Civ. Proc. § 2849, following the provisions of 2 Rev. St. p. 152, § 12, the guardian may, in any case where a petition for an accounting may be presented by any other person, present one in his own behalf, and an accounting may then be had. Thus either party may claim an accounting the moment the ward attains his majority."

In Re Taylor's Estate, 30 App. Div. 213, 51 N. Y. Supp. 609, letters of administration were issued in November, 1888, and the order compelling the accounting was entered January, 1898. A judgment had been recovered against one of the next of kin, and the petitioner was appointed the receiver of the property of the judgment debtor. The statute of limitations was urged, and the court overruled this defense, and required the administrator to account, holding that until the administratrix has legally accounted for the funds that she has received, "or until she has publicly and officially renounced her trust," the statute does not become operative. In re Grandin, 61 Hun, 219, 15 N. Y. Supp. 946; In re Jones' Estate, 51 App. Div. 420, 64 N. Y. Supp. 667; In re Beyea's Estate, 10 Misc. Rep. 198, 31 N. Y. Supp. 200; Mount v. Mount, 35 Misc. Rep. 62, 71 N. Y. Supp. 199; and Zebley v.

Trust Co., 139 N. Y. 461, 34 N. E. 1067, each sustains the principle that there must be a denial or disclaimer of the trust before the statute of limitations is set running. The position is a very reasonable one, for the guardian alone, as a rule, possesses exact information as to the condition and amount of the funds in his custody. If he has administered the trust properly, he has kept the fund invested, and is able to present an itemized statement concerning it. A provident and careful guardian will settle his account when his ward arrives at his majority. The guardian's management of the trust estate should then cease. He may voluntarily settle with his ward, and upon filing the proper voucher a ·decree may be entered discharging him. The proceeding is simple and inexpensive, and, if the guardian neglects to have his guardianship properly terminated, he is the delinquent. In the event of his remissness the retention of any funds by him operates to continue his trust management of the property. The relation is not that of debtor and creditor, but the guardian is the custodian of the funds of another, which he voluntarily undertook to keep invested in a certain way for a fixed compensation; and all the time the property is his ward's, disconnected from any other; and until its transfer to his cestui que trust the guardian is acting in recognition ·of his trusteeship. In this case the guardian, in her answer, does not deny that she received this fund. She alleges as a defense ·that it has been expended for the benefit of the petitioner, to whom she averred "large sums" have been paid since she became of age. The petitioner is entitled to know in what way this fund, a ·portion of which remained unexpended when she attained her majority, has been disbursed by her guardian. The order should be affirmed, with $10 costs and the disbursements of this appeal against the appellant personally.

The order is affirmed, with $10 costs and the disbursements of this appeal against the appellant personally. All concur.