(91 App. Div. 607.)

## CONSTANTINE v. CONSTANTINE.

(Supreme Court, Appellate Division, Second Department.   March 18, 1904.)

1. LIMITATIONS—ACTION ON IMPLIED CONTRACT.

A complaint alleging that certain money belonging to plaintiff as administratrix was received by defendant's decedent, as executor of plaintiff's decedent, and not accounted for, and demanding a money judgment, is on an implied contract to pay over money belonging to plaintiff, barred by the six-years statute.

Appeal from Special Term, Kings County.

Action by Mary Constantine, administratrix with the will annexed of Margaret Constantine, deceased, against Richard B. Constantine, executor of Andrew J. Constantine, deceased. From an interlocutory judgment entered on a decision sustaining a demurrer to the third separate defense, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Percy S. Dudley, for appellant.
Frederic E. Mygatt, for respondent.

WOODWARD, J.   The complaint alleges the death of Margaret Constantine in 1883, the probate of her last will, and issuance of letters testamentary thereunder to Andrew J. Constantine, who continued to act as sole executor until his death, on January 4, 1901; that as such executor he collected certain specified sums of money, aggregating more than $14,000; that he left a last will, appointing defendant herein his executor; and that letters testamentary were duly issued, and that defendant has ever since continued to act as sole executor under said last-mentioned will.   It also alleges the issuance of letters of administration to the plaintiff in 1902, and that she is sole administratrix of the estate of Margaret Constantine.   Further, it alleges that no part of the said specific sums of money was ever accounted for or paid over by defendant's decedent to the persons entitled under the will of said Margaret Constantine, except three certain small sums, aggregating less than $300, and that the remainder of said sums collected and received by defendant's decedent is now due and owing by the defendant to the plaintiff.   Among other defenses, the defendant pleaded the six-years statute of limitations, and to this the plaintiff demurred, thus admitting that the alleged cause of action did not accrue within six years before the commencement of the action.

In determining whether the six-years statute is a bar, we have only to look to the complaint to ascertain the nature of the cause of action. The plaintiff does not ask for an accounting, and Matter of Camp, 126 N. Y. 377, 27 N. E. 799, and Matter of Jones, 51 App. Div. 420, 64 N. Y. Supp. 667, are therefore not in point.   Having alleged that certain sums of money belonging to the plaintiff as administratrix have been received by the defendant's decedent, and not accounted for, the plaintiff demands a money judgment against the defendant.   The action is based upon an implied contract to pay over money belonging to the plaintiff, and the six-years statute of limitations, therefore, applies.

See decision of this court in Libby v. Van Derzee, 80 App. Div. 494, 81 N. Y. Supp. 139, affirmed without opinion 176 N. Y. Memoranda, 47, 68 N. E. 1119. The interlocutory judgment sustaining the demurrer should be reversed.

Interlocutory judgment reversed, and demurrer overruled, with costs. All concur.