CHARLES J. HASKELL, Appellant, *v.* NATHAN J. MILLER and Others, Copartners Doing Business as MILLER & COMPANY, Respondents.

First Department, June 24, 1927.

**Brokers — stockbrokers — action by assignee on cotton brokerage account — release executed on stock brokerage account does not bar action.**

The plaintiff's action, as assignee, on a cotton brokerage account with the defendants, is not barred by a release executed by the plaintiff's assignor in the settlement of a stock brokerage account, for the two accounts are independent and no reference is made in the release to the cotton brokerage account.

The rule that general words of release are deemed to be limited by a recital of a particular claim applies.

APPEAL by the plaintiff, Charles J. Haskell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 29th day of January, 1927, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation that the case be tried before the court.

without a jury and that the verdict be directed with the same force and effect as if a jury were present.

*H. Bartow Farr* of counsel [*Miller, Otis, Farr & Henderson,* attorneys], for the appellant.

*Osmond K. Fraenkel* of counsel [*Louis Werner,* attorney], for the respondents.

PER CURIAM. We find nothing in the instrument pleaded as a defense nor in the facts stipulated to bring the case without the rule applicable to general releases. It is well settled that general words of release are deemed to be limited by a recital of a particular claim, obligation or controversy where there is nothing on the face of the instrument indicating that matters other than those specifically referred to were intended to be discharged. (*Mitchell* v. *Mitchell,* 170 App. Div. 452, 456.)

Here the particular controversy recited was the stock account. No mention whatever is made of the cotton account in which at the date of the release plaintiff's assignor concededly had an equity in excess of $8,000. In arriving at our conclusion we have not overlooked the fact that the stock account was the larger and the more important to the parties; that the indebtedness of plaintiff's assignor therein was in excess of $200,000; nor that the instrument recites the establishment of a new special account in which plaintiff's assignor was to be charged with the indebtedness of $10,800. Such new indebtedness still related to a stock account only. The cotton account, a distinct and separate transaction between the parties, was then in existence, and as already appears, not referred to even by indirection or implication. The agreement as signed determines the rights of the parties. When made the rule of law above stated had been for a long time established and generally recognized, and the parties must be deemed to have contracted with knowledge thereof. In this situation it was the duty of the defendants to have included in the release a reference to the cotton account if they intended to be released from their obligations in respect thereto.

It follows that the judgment appealed from should be reversed, with costs, and judgment directed for plaintiff in the sum of $24,604.90, with interest from April 8, 1924, and costs.

Present — DOWLING, P. J., MERRELL, MCAVOY, MARTIN and O'MALLEY, JJ.

Judgment reversed, with costs, and judgment directed to be entered in favor of the plaintiff against the defendants in the sum of $24,604.90, with interest from April 8, 1924, and with costs.