THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL REITER and LOUIS REITER, Appellants.

*Crimes — larceny in first degree — judgment of conviction affirmed.*

People v. *Reiter*, 221 App. Div. 751, affirmed.
(Argued October 28, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 10, 1927, which affirmed a judgment of the court at a Trial Term for the county of Kings, rendered upon a verdict convicting the defendants of the crime of grand larceny in the first degree.

*George Gordon Battle* for appellants.
*Charles J. Dodd, District Attorney* (*James I. Cuff* and *Henry J. Walsh* of counsel), for respondent.

Judgment affirmed; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

CHARLES J. HASKELL, Respondent, *v.* NATHAN J. MILLER et al., Copartners under the Firm Name of MILLER & COMPANY, Appellants.

*Principal and agent — stockbrokers — release — action to recover margins and profits from transactions in cotton — words of general release in instrument referring to stock account not applicable to claim arising on cotton account.*

Haskell v. *Miller*, 221 App. Div. 48, affirmed.
(Argued October 28, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered July 7, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing judgment in favor of plaintiff. The action was to recover margins and profits in connection with transactions in cotton for future delivery

had by plaintiff's assignor with defendants. The answer set up a general release. The Appellate Division held that the release was limited by its recitals to a stock account which the assignor also had with defendants and that, therefore, the general words of release therein were applicable only to claims arising out of that account, there being nothing on the face of the instrument indicating that matters other than those specifically referred to were intended to be discharged.

*Osmond K. Fraenkel* and *Louis Werner* for appellants.
*H. Barton Farr* and *Harold C. Havighurst* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MARGARET A. DECKER, as Administratrix of the Estate of SEELEY DECKER, Deceased, Respondent, *v.* THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

*Negligence — master and servant — railroads — brakeman killed by coming in contact with overhead bridge.*

Decker v. *Lehigh & H. R. Ry. Co.*, 218 App. Div. 839, affirmed.
(Argued October 28, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 22, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action, under the Federal Employers' Liability Act, to recover for the death of plaintiff's intestate, alleged to have been occasioned through the negligence of defendant, his employer. The complaint alleged that intestate, a railroad brakeman, was killed by coming in contact with an overhead bridge at Belvidere, New Jersey, while engaged in his duties on a train proceeding from Phillipsburg, New Jersey, to Warwick, New York.