ELLA GAYLOR, Respondent, v. WILLIAM BURROUGHS, Defendant, and WILLIAM BURROUGHS McGUIRE, Appellant.— In an action to recover damages for the wrongful conversion of plaintiff's shares of stock upon forged indorsements, plaintiff received partial satisfaction upon the release of two of the obligors in a prior action. This action is against other obligors, not parties to the prior action, to recover the remaining damages. Order denying defendant McGuire's motion for summary judgment affirmed, with ten dollars costs and disbursements. The discharge of the obligors in the prior action released the co-obligors, the defendants in this action, only in the amount of the consideration already received. (Debtor and Creditor Law [Laws of 1928, chap. 833], art. 8.) Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.

JULIUS GOLDBERG and CLARA GOLDBERG, Appellants, v. BENNETT ARONOWSKY and BENNETT ARONOWSKY, INC., Respondents.— In an action in equity to restrain the enforcement of a judgment in a Municipal Court and also the enforcement of a contempt order of the City Court and to recover damages, order granting defendants' motion to dismiss the complaint upon the ground that it fails to state a cause of action reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to answer within ten days from the entry of the order hereon. In our opinion, the complaint states a good cause of action to restrain the corporate defendant from enforcing the judgment and order in question upon the ground that, by reason of matters arising since the entry of such judgment and order, the enforcement thereof has become inequitable. The failure of that defendant to resell the personal property in question, after retaking possession thereof, within the time prescribed by section 79 of the Personal Property Law, discharged plaintiffs from any obligation under the conditional sales contract, pursuant to section 80-e of the same law, and it would, therefore, be inequitable to permit the corporate defendant to hold and retain the personal property and also to enforce the judgment for the purchase price thereof. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.