RECTOR, CHURCH WARDENS AND VESTRYMEN OF ST. JAMES CHURCH IN THE SEVENTH WARD OF THE CITY OF BROOKLYN IN THE COUNTY OF KINGS, Appellants, *v.* THE CITY OF NEW YORK, Respondent, Appellant, and CORNELL CONTRACTING CORPORATION and Others, Impleaded Defendants, Respondents.

Second Department, April 14, 1941.

*William J. Rapp*, for the plaintiffs, appellants.

*Stanley Buchsbaum* [*William C. Chanler, Corporation Counsel; Paxton Blair* with him on the brief], for the respondent-appellant.

*Frederick W. Newton* [*Howard G. Wilson* with him on the brief], for the impleaded defendants, respondents.

HAGARTY, J. Plaintiffs own real property at the northeasterly corner of Lafayette avenue and St. James place, Brooklyn, upon which stands St. James Church. They seek judgment against defendant City of New York for damages to the building which they allege were caused by failure to underpin the structure prior

to or during the course of the construction of a subway in the subsurface of Lafayette avenue.

The defendant City of New York in its answer pleads a general release executed and delivered by plaintiffs on June 13, 1933, and further alleges that, pursuant to a contract entered into with the Cornell Contracting Corporation on January 27, 1931, the subway was built by that corporation, acting as an independent contractor. The city thereupon commenced a cross-action against the contracting corporation and its sureties, setting forth the standard provisions of the subway construction contract under which the contractor obligated itself to pay and make good claims occasioned by the subway construction. The answer of the impleaded defendants to the cross-complaint also sets forth the release of June 13, 1933.

The issues considered and determined at the trial were solely those presented by the release, admittedly executed and delivered by plaintiffs. It is of standard form, under seal, and provides that plaintiffs, in consideration of the sum of $1,000, have released and discharged the Cornell Contracting Corporation of and from all manner of actions, causes of actions, suits, debts, dues and sums of money, which against the Cornell Contracting Corporation " it ever had, now has or which it hereafter can, shall or may have for, upon or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the day of the date of these presents."

Assuming all the facts and inferences claimed by the plaintiffs, it appears that after the subway construction had been completed and on June 13, 1933, the Cornell Contracting Corporation paid to plaintiffs the sum of $1,000 for damages to their property occasioned by the subway construction, for which plaintiffs executed and delivered their general release; that thereafter additional damage was sustained by reason of the failure to underpin the building prior to or during the course of the construction, of which failure the plaintiffs had no knowledge at the time of the giving of the release, although they were then aware that damage to their property had occurred by reason of such construction.

The fact remains that the assumed negligence of the contracting company antedated the giving of the release, but that the damage for which plaintiffs now seek to recover resulted subsequently. The release was a discharge of liability for such negligence, for in releasing the contracting company from all causes of action which plaintiffs then had or which they " hereafter can, shall or may have," plaintiffs did so with respect to " any matter, cause, or thing," and such language is clearly broad enough to include prior

negligent action or failure to act. (*Vedder* v. *Vedder*, 1 Den. 257; *People ex rel. McDonough* v. *Bd. Managers Buffalo State Asylum for Insane*, 96 N. Y. 640, 642; *Cobb* v. *Morrison*, 79 N. H. 74, 76; 104 A. 829.)

Irrespective, therefore, of whether or not a cause of action had accrued for the damage which followed, the release served as a bar. Our opinion, however, upon this record, is that it cannot be claimed that such cause of action had not accrued at the time of the release. While recovery may be had for continuing or recurrent tortious invasions of the land of another (Restatement, Torts, § 930), in the absence of mistake on the one side or fraud, deceit and misrepresentation on the other, the effect of a release may not be avoided because of lack of knowledge of the true extent of injury sustained. (*Farrington* v. *Harlem Savings Bank*, 280 N. Y. 1; *Gilbert* v. *Rothschild*, Id. 66; *Miles* v. *New York Central R. R. Co.*, 195 App. Div. 748), or even of the existence of a cause of action. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Walbourn* v. *Hingston*, 86 Hun, 63.)

We are also of opinion that the release served to discharge the City of New York as well as the Cornell Contracting Corporation from liability, even though the instrument was executed solely in behalf of the latter. There may be but one satisfaction, and the release is deemed to be such. (*Bronson* v. *Fitzhugh*, 1 Hill, 185, 186; *Dahlstrom* v. *Gemunder*, 198 N. Y. 449; *Mitchell* v. *Allen*, 25 Hun, 543.) Satisfaction operates to discharge from liability not only the one who makes the payment and in whose favor the release runs but all others jointly or severally liable. (*Lord* v. *Tiffany*, 98 N. Y. 412; *Casey* v. *Auburn Telephone Co.*, 155 App. Div. 66; *Gilbert* v. *Finch*, 173 N. Y. 455.) In such case, and where the damages arising out of tort are unliquidated and the release contains no reservation, sections 231–235 of the Debtor and Creditor Law are inapplicable. (*McNamara* v. *Eastman Kodak Co.*, 232 N. Y. 18; *Milks* v. *McIver*, 264 id. 267; *Gavin* v. *Malherbe*, 146 Misc. 51; affd., 240 App. Div. 779; affd., 264 N. Y. 403. Cf. *Gaylor* v. *Burroughs*, 248 App. Div. 915; affd., 273 N. Y. 606; *Bossong* v. *Muhleman*, 254 App. Div. 738.)

On appeal by the plaintiffs the judgment should be affirmed, with costs to respondent-appellant City of New York.

On appeal by the respondent-appellant City of New York, the judgment should be affirmed, with one bill of costs to respondents.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.

On appeal by plaintiffs, judgment, in so far as appealed from, unanimously affirmed, with costs to respondent-appellant City of New York.

On appeal by the respondent-appellant City of New York, judgment, in so far as appealed from, unanimously affirmed, with one bill of costs to respondents.