JACOB P. MORRIS et al., Respondents, v. CELIA MOGLEN et al., Appellants, et al., Defendants.— In an action to recover damages for breach of contract, inducing the breach, to set aside a transfer of property as fraudulent, and for fraud, order denying appellants' motions under subdivision 7 of rule 107 of the Rules of Civil Practice, to dismiss the complaint, and to dismiss the fourth cause of action under rule 106 of the Rules of Civil Practice, affirmed, with one bill of $10 costs and disbursements. Appeal from the decision dismissed, without costs. No opinion. Carswell, Johnston and Lewis, JJ., concur; Adel, J., concurs for the dismissal of the appeal from the decision, but dissents and votes to reverse the order denying appellants' motions under subdivision 7 of rule 107 of the Rules of Civil Practice to dismiss the complaint, and to dismiss the fourth cause of action under rule 106 of the Rules of Civil Practice and to grant the motions, with the following memorandum: The release instruments running from each of the plaintiffs to the defendant Samuel Morris are general and unconditional and must be given effect without recourse to parol or extrinsic evidence. (*Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182; *Stiebel* v. *Grosberg*, 202 N. Y. 266, 273; *Walbourn* v. *Hingston*, 86 Hun 63.) Each of plaintiffs has released and discharged Samuel Morris from all contracts. The contract alleged by plaintiffs, accordingly, was at an end and it is immaterial that no cause of action had accrued thereunder at the time of the making and delivery of the releases. (Cf. *Rector, etc., St. James Church* v. *City of New York*, 261 App. Div. 614; Restatement, Contracts, § 402, Comment [a].) The release instruments running from plaintiffs to defendant Betty Morris are also general and unlimited in scope. The releases to defendant Celia Moglen are confined to the discharge of specific obligations and do not constitute general releases. (*Haskell* v. *Miller*, 221 App. Div. 48, affd. 246 N. Y. 618.) However, the general and unconditional discharge of the principal obligor from his contract obligations is effective to discharge the other defendants from all liability for inducing or causing the breach, and requires dismissal of the first, second and third causes of action. *Celmer* v. *Feinborough Homes, Inc.* (253 App. Div. 832) is distinguishable on the facts. *Farnham* v. *Farnham* (204 App. Div. 573), if not distinguishable, should not be followed. As to defendant Betty Morris, the acts complained of in the fourth cause of action had taken place and a cause of action existed therefor prior to the time of the execution of the general and unconditional releases by plaintiffs to this

defendant in June, 1942, and they must be held to constitute a discharge of liability. As to defendant Celia Moglen, the fourth cause of action is insufficient for the reason that after the plaintiffs in 1942 released defendant Morris from his contract obligations, they had nothing more than an expectancy that he would make them *inter vivos* or testamentary gifts. The fact that the said defendant was fraudulently induced to distribute his property to the exclusion of plaintiffs may have deprived them of expectancies but not of any property rights, the loss of which results in legal damage. (See Prosser on Torts, pp. 1015, 1016.) Hagarty, Acting P. J., concurs with Adel, J. [See *post*, p. 1059.]