JOSEPH GRISHEN, Plaintiff, *v.* STELLA DOMAGALSKI, Defendant.

City Court of the City of New York, Trial Term, Kings County, April 1, 1948.

*Burton S. Cooper* for plaintiff.

*Martin H. Latner* for defendant.

BENJAMIN, J. Plaintiff sues to recover an engagement ring, or its value, claiming a failure of consideration as the result of a mutual rescission of the contract to marry which was the consideration for the gift.

The jury in this case has found for the plaintiff. The court submitted to it for determination the question as to whether

there had been a mutual rescission of the contract of marriage or a termination of the engagement for cause.

The finding of the jury, while not necessarily one which the court would have arrived at on the facts in this case, is sufficiently supported by the evidence.

Grave doubt exists as to whether this case should have been submitted to the jury upon these theories.

Article 2-A of the Civil Practice Act (§§ 61-a–61-i) outlaws actions for damages arising out of a breach of contract of marriage. In *Andie* v. *Kaplan* (288 N. Y. 685) the Court of Appeals dismissed a complaint which sought to recover gifts of money and jewelry delivered as an incident of a contract of marriage claimed to have been fraudulently induced and which the defendant did not intend to honor.

It is difficult to distinguish the principle of this case from that enunciated by the Court of Appeals in the *Andie* case (*supra*). There, as here, there was a claimed failure of consideration. Since the failure of consideration in the *Andie* case rested upon fraud which vitiates the contract *ab initio*, it was, if anything, an even stronger case for relief than the case at bar. This court feels, therefore, that this action is in contravention of article 2-A of the Civil Practice Act, as presently interpreted by the Court of Appeals.

The power of the trial court to determine this motion, however, is inhibited by reason of the prior proceedings had herein. A motion addressed to the complaint was previously denied by a learned associate of this court. That determination has not been appealed from. It is the law of the case and the trial court is bound by it. In denying that motion, the learned City Court Judge at Special Term, relied apparently upon *Unger* v. *Hirsch* (39 N. Y. S. 2d 965) and *Morris* v. *Baird* (57 N. Y. S. 2d 398).

The principles enunciated in those two decisions are compelling. Grave doubt exists as to whether the Legislature contemplated a prohibition against an action to recover engagement rings and other valuables actually exchanged in consideration of the mutual promise of marriage. It does not seem just or logical that engaged couples who pool their resources for the purpose of buying or furnishing a home or to meet the expenses of the marriage, should have no recourse in the event a mutual termination of the engagement results in a refusal to redivide the money or property so involved. This is wholly different from the evil of prospective damages by way of " heart balm " for breach of promise of marriage which the Legislature sought to forever ban by the enactment of the legislation in question.

The plaintiff's position in the *Andie* case (*supra*) did not particularly lend itself to the conscience of the court. In that case, the plaintiff sought to recover from a paramour with whom he had been living in illicit relations, moneys and property which he said she had received from him upon her promise to ultimately marry him. That such a case was the test suit establishing a precedent against the restoration of the *status quo* of decent people, who for reasons of incompatibility wish to terminate a marriage contract, is indeed unfortunate. The courts, therefore, have attempted to distinguish the *Andie* case, if possible.

However, the case of *Morris* v. *Baird* (*supra*) has been reversed by the Appellate Division of this department (269 App. Div. 984), citing the *Andie case* (*supra*) and *Josephson* v. *Dry Dock Savings Institution* (292 N. Y. 666).

There seems to be no doubt, therefore, that the law, as presently construed by our appellate courts, would bar this type of action. Since, however, the law of the case has been established by the decision of Special Term, the trial court has no power to grant the motion to set aside the verdict and said motion is, accordingly, denied.

For the foregoing reasons, the defendant's motions to dismiss the complaint at the close of the plaintiff's case and at the close of the entire case, upon which the court reserved decision, are denied.