**RUSHFORD v. UNITED STATES.**

Civ. No. 3019.

United States District Court
N. D. New York.

Sept. 22, 1950.

John R. Cummins, Plattsburg, N. Y., for plaintiff.

Irving J. Higbee, U. S. Atty., Syracuse, N. Y., Edmund Port, Asst. U. S. Atty., Syracuse, N. Y., of counsel, for defendant.

FOLEY, District Judge.

A new problem arises under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) 2671–2680, effective. September 1, 1948, previously 28 U.S.C.A. § 931 et seq. This remedial Act in which the sovereign waives immunity is comparatively recent in its enactment and amendments. In such instances, situations shall be presented for determination which have not been shaped with definiteness on the lathe of judicial construction. The motions herein create an issue of such nature.

The proper approach to the construction of the Tort Claims Act has recently been outlined by Mr. Chief Justice Vinson in United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 216. Justice Vinson ruled against strict construction of the Act by quoting Judge Cardozo: "The exemption of the sovereign from suit involves hardship enough, where consent has been withheld. We are not to add to its rigor by refinement of construction, where consent has been announced." Similar reasoning was advanced by the United States Court of Appeals, Second Circuit, in Aetna Casualty & Surety Co. v. United States, 170 F.2d 469, one of three cases affirmed in United States v. Aetna Casualty & Surety Co., supra. In my determination herein, I am continuously conscious of this doctrine of liberality in the interpretation of the Act.

The facts and circumstances upon which the action is based are simple and not in dispute. The plaintiff was employed as a carpenter by the Buffalo Border Building Company, a general contractor constructing a veterans' temporary housing project for the Federal Public Housing Authority at the city of Malone, Franklin County, New York. On June 7, 1946, while the plaintiff was engaged in such employment, he was struck by the boom of a truck crane, owned by Kenneth J. Premo & Co., a partnership, and sub-contractor of the Buffalo Border Building Company; said crane being operated at the time of the accident by Hugh Lamb, apparently an employee of the Kenneth J. Premo & Co. The plaintiff as a result of this unfortunate accident received serious, crippling and permanent injuries. The action herein was instituted against the government by the service of a summons and complaint on July 31, 1947. During the year 1947—the exact time of commencement does not appear in the papers—an action in behalf of Rushford, our plaintiff here, based upon the same accident, was instituted in the Supreme Court of the State of New York, Clinton County, against Kenneth J. Premo & Co. The operator of the crane, Lamb, was not made a party defendant in this action. In November, 1947, this state court action was settled by the payment of $14,000 to the plaintiff, such moneys being paid apparently

by its insurance carrier. The attorney for the plaintiff, capably recognizing the position of the plaintiff in reference to this pending Federal action, negotiated for several months in a vain attempt to insert "a reservation of some kind in the release" (quoted words are from a letter written by the attorney for the plaintiff to a Robert Booth, Esq., Plattsburg, N. Y., dated December 23, 1947, a copy of which is attached to the memorandum of law submitted herein in behalf of plaintiff). Finally, on February 7, 1948, the plaintiff executed the broad release form, ordinarily used in New York State, running to Kenneth Premo, Murray Premo, Helen Premo and Hugh Lamb. The body of the release particularizes: "for personal injuries and damages suffered by me on June 7th, 1946, when struck by the boom of a truck crane owned by Kenneth Premo, Murray Premo, Helen Premo and operated by Hugh Lamb at Malone, Franklin County, New York, in the construction of temporary veterans housing units for the Federal Public Housing Authority at Malone, New York. And I hereby authorize and direct that there be deducted from the above fourteen thousand ($14,000) dollars and paid direct to the New Amsterdam Casualty Company, the sum of four thousand seven hundred and eighty-nine dollars and fifty-six cents ($4789.56) in satisfaction of their lien against said settlement under the provisions of the Workmen's Compensation Law [McK.Consol.Laws, c. 67]."

As a result of this general release, the defendant, United States of America, together with a general denial of negligence, sets forth in paragraphs 5, 6, 7, 8 of its answer to the complaint herein, designated as a second, separate and distinct defense, the facts surrounding the settlement and the execution of the general release. The essence of the defense is that the execution of the described general release by the plaintiff released the defendant-government from any and all liability to the plaintiff. The plaintiff moves to strike this defense as insufficient in the law and the defendant by cross-motion moves for summary judgment on the ground that the execution of the release to a joint tort feasor constitutes

a complete defense as a matter of law, Federal Rules of Civil Procedure, rules 12 (f), 56 (b, c), 28 U.S.C.A. The facts are sufficiently before the Court for disposition on the motions; the question seems a flat one of statutory construction, but analysis shows, at least in my mind, some complexity.

The pertinent sections of the Federal Tort Claims Act are sections 1346(b) and 2674 of Title 28 U.S.C.A. The pertinent portions of section 1346(b) are: "The District Court * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" (Italics mine.)

Similarly, the pertinent portion of section 2674, Title 28 U.S.C.A.: "The United States shall be liable * * * *in the same manner and to the same extent as a private individual under like circumstances * *.*" (Italics mine.)

The two sections should be read together to determine the grant of power and to define the rule by which liability might be determined. Niagara Fire Ins. Co. v. U. S., D.C., 76 F.Supp. 850, 854. By these express terms of the Federal Tort Claims Act, unquestionably the law of the State of New York as the law of the place where the act or omission occurred must fix the responsibility of the defendant in like manner as if the sovereign were a private person subject to such state law. The courts of the State of New York have steadfastly maintained the rule of law that a general release to one tort feasor made without reservation creates a bar to an action for damages against another tort feasor, arising from the same injury, Lord v. Tiffany, 98 N.Y. 412, 50 Am.Rep. 689; McNamara v. Eastman Kodak Co., 232 N.Y. 18, 133 N.E. 113; Gilbert v. Finch, 173 N.Y. 455, 66 N.E. 133, 61 L.R.A. 807, 93 Am.St.Rep.

623; Fox v. Western New York Motor Lines, 232 App.Div. 308, 312, 249 N.Y.S. 623, reversed on other grounds 257 N.Y. 305, 178 N.E. 289, 78 A.L.R. 578; Walsh v. New York Central & H. R. R. Co., 204 N.Y. 58, 97 N.E. 408, 37 L.R.A.,N.S.,1137; Rector, Church Wardens & Vestrymen St. James Church etc. v. City of New York, 261 App.Div. 614, 26 N.Y.S.2d 762; Milks v. McIver, 264 N.Y. 267, 190 N.E. 487.

 The plaintiff seeks to avoid this harsh rule by distinguishing the torts charged against the tort feasors. It is contended that the doctrine must be strictly limited to joint tort feasors, and because the negligence charged against Kenneth J. Premo & Co. was active, and that charged against the government was passive, in alleging improper, careless and negligent supervision and control, that the alleged negligence of the United States was an independent and concurring wrong and therefore the parties to such wrong cannot be characterized as joint tort feasors. The courts of the State of New York in the application of this tort feasor rule have not in any instance so distinguished the application of the rule and, in fact, their writings are to the contrary, Rector, Church Wardens & Vestrymen St. James Church etc. v. City of New York, supra; Milks v. McIver, supra. I cannot intelligently make the distinction which the plaintiff seeks in this respect.

In his reply brief to the government, the attorney for the plaintiff for the first time argues that the common law rule as to joint tort feasors has been abrogated by statute in the State of New York, Debtor & Creditor Law, McK.Consol. Laws, c. 12, §§ 231–235, L. 1928, Ch. 833, eff. April 6, 1928, and that by reason of such statute the defense of the government herein is insufficient because it does not contain the statement that the plaintiff in releasing the joint tort feasor did not reserve his rights against the government. This is legal mumbo-jumbo and I have little heart for it. The release is before the court. It is true section 231 of the Debtor & Creditor Law by its terms includes a liability in tort and includes a person having a right based on tort, and section 235(b) of the Debtor &

Creditor Law seems to be, in my judgment, some effort to modify the common law rule. Again, however, the interpretations in the courts of New York give little effect to sections 231–235 of the Debtor & Creditor Law in situations where joint tort feasors are involved and a release to one without reservation is executed.

 In such case, and where the damages arising out of the tort are unliquidated, and the release contains no reservation, sections 231–235 of the Debtor & Creditor law are inapplicable. Rector, Church Wardens & Vestrymen St. James Church etc. v. New York, citing McNamara v. Eastman Kodak Co., supra; Milks v. McIver, supra; Gavin v. Malherbe, 146 Misc. 51, 261 N.Y.S. 373, affirmed 240 App.Div. 779, 266 N.Y.S. 897, Id., 264 N.Y. 403, 191 N.E. 486; Gaylor v. Burroughs, 248 App.Div. 915, 290 N.Y.S. 679, affirmed 273 N.Y. 606, 7 N.E.2d 716; Bossong v. Muhleman, 254 App.Div. 738, 3 N.Y.S.2d 992.

 However, in my judgment, the government has adequately pleaded its defense in accordance with the Federal Rules of Civil Procedure which are incorporated by reference in the Federal Tort Claims Act. Rule 8(b, c). If the failure to plead the allegation that the release did not contain a reservation is important, I would allow an amendment as provided in Rule 14(a), Federal Rules of Civil Procedure in the manner done in the authority relied upon by the plaintiff in Gulliver v. Duffy, Sup., 77 N.Y.S.2d 637.

In accord with the plaintiff, I like equally the reasoning of Judge Rutledge in McKenna v. Austin, 77 U.S. App. D.C. 228, 134 F.2d 659, 148 A.L.R. 1253, but unfortunately it is a construction contrary to the law of New York. In like manner, Husky Refining Co. v. Barnes, 9 Cir., 119 F.2d 715, which is concerned with the law of the State of Idaho.

I do not intend to any extent to minimize the dilemma of the attorney for the plaintiff in the prosecution of his actions to a fair and equitable conclusion. Any active trial practitioner knows the honest fear as trial approaches that an impoverished plaintiff may be the victim of a no cause of action or

a small compromise verdict. "Better one byrde in hand than ten in the wood." The plaintiff may have had to accept a hard bargain but as the government intimates the insurance carried insisted upon a general release because of the indemnity agreement running from the contractors to the government. The carrier might be caught in a whirlpool of litigation. The right of the insurance carrier to buy a complete peace is equally important in measuring the rights and liabilities of the parties involved. The attorney for the plaintiff saw the pitfall, and his intense and splendid efforts discount any question of fraud, duress, or ignorance in the execution of the release. It is annoying to realize that my conception of the law is based upon a technical failure to add a few words or paragraphs to a written instrument, and further, that if the accident had happened in other states, despite the release, the plaintiff would have his "day in court" against the sovereign.

▪ I cannot agree with the plaintiff that judical construction limits the words "under circumstances" to issues of negligence, issues of causation, and issues of damages, and that the release herein would be outside those limits in determining the liability of a private person, and thus the liability of the government in this type of action. In State of Maryland to use of Burkhardt v. United States, 4 Cir., 165 F.2d 869, 871, 1 A.L.R.2d 213, it was stated: "This language (referring to 'in the same manner and to the same extent as a private individual under like circumstances') clearly means that the standards and tests of local law are to determine whether a negligent or wrongful act has been established which is actionable and the nature and extent of the recovery permitted on account thereof, not the period of limitation within which the action must be instituted." Then, in conclusion in 165 F.2d on page 874, "As stated above, the basis of our decision is that the adoption by the statute of the cause of action created by state law is not to be construed as adopting the limitation imposed by that law, since the statute contains its own limitation." There is little comparison to this situation. In Olson v.

United States, 8 Cir., 175 F.2d 510, it was clearly stated that the standards and tests of the state run also to the capacity and rights of the plaintiff and the liability of the United States.

As much as the plaintiff has my sympathy, I cannot overcome simple logic in my determination. A private person being a joint tort feasor under the circumstances involved here under the law of the State of New York would be released from any and all liability by the execution of the general release. The conclusion from this premise, at least in my judgment, is unavoidable that the government, like such private person, cannot be held responsible under the plain terms of the Federal Tort Claims Act. The motion of the plaintiff is denied and summary judgment may enter for the defendant dismissing the complaint as a matter of law.