ELMER G. PORTER, Appellant, v. ROBERT HOLFORD, Defendant, and IRA B. McCORKLE, Doing Business as McCORKLE REALTY COMPANY, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff proved a prima facie case and was entitled to recover one half the reasonable value of the cost of necessary repairs to the roadway. There is some proof here from which the jury could find that the defendant's property was damaged by reason of the repairs or construction of the roadway. We are unable to tell from this record how the jury arrived at the verdict of no cause of action. We think in the interest of justice there should be a new trial and the court should submit special questions to the jury including (1) What was the reasonable value of the cost of necessary repairs to the roadway? (2) Was the defendant's property damaged by the repair or reconstruction of the roadway? (3) If the second question is answered in the affirmative, what was the amount of the damage? If the jury answers those questions the court can then direct a general verdict based upon the findings of the jury. All concur, except Kimball and Wheeler, JJ., who dissent and vote for affirmance. (Appeal by plaintiff from a judgment for no cause of action both as to plaintiff's complaint and defendant's counter-claim in an action for breach of contract.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

HERMAN J. SINGLE, Respondent, v. EDWARD S. WHITMORE, JR., Appellant. — Judgment affirmed, with costs. All concur, except VAUGHAN and PIPER, JJ., who dissent and vote for reversal and for dismissal of the complaint in the following memorandum: The release in question was drawn by plaintiff's attorney and executed by plaintiff. The release after reciting the agreement on February 18, 1950, which is the instrument containing the setback restrictions, then provided: "And whereas said parties now desire to release each other from any future liability arising from said agreement." It then goes on to "release each other * * * of and from all future liability". We think this instrument relieved both parties from any further liability under the agreement of February 18, 1950, including the setback restrictions. "If a demand falls fairly within the terms of the release it is discharged thereby, whether or not it was contemplated by the parties, and whether or not they were aware of its existence." (76 C. J. S., Release, § 52, p. 699; see, also, *Rector of St. James Church* v. *City of New York*, 261 App. Div. 614; *People ex rel. Mc-Donough* v. *Board of Managers of Buffalo Asylum*, 96 N. Y. 640, and *Kirchner* v. *New Home Sewing Mach. Co.*, 135 N. Y. 182.) Where, as is the case here, the language of the release is not ambiguous we cannot, in the absence of fraud, go behind the clear statement of the instrument to look for the intent of the parties. (Appeal from a judgment for plaintiff in an injunction action.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.