■ PEARL SEIFER, Respondent, v. DOROTHY H. TUTTLE et al., Appellants.— Appeal from an order of the Supreme Court, Special Term, Sullivan County, denying defendants' motion for summary judgment, in a foreclosure action. The complaint alleges that on May 16, 1949, plaintiff conveyed an undivided one-half interest in certain real property to defendant Dorothy H. Tuttle, her sister, who thereupon delivered to plaintiff a purchase-money mortgage, the subject of this foreclosure action. The mortgage was not recorded and plaintiff advances an explanation for its nonproduction herein. The answer denies the material allegations of the complaint. It is noted, however, that in one of her affidavits, Mrs. Tuttle confines herself to the statement that she has no recollection of signing the mortgage. As a first defense, the answer alleges

the delivery of a release by plaintiff to defendants. The release is in the conventional form of general release except that, following the words of release, appear the words: " Release in full of all claims arising out of the partnership of Seifer and Tuttle except the partnership obligations assumed by Arthur Tuttle and Dorothy Tuttle by virtue of a contract  *  *  *  dated December 27, 1950." In view of this language, the release cannot be held conclusive and sufficient to bar this action as a matter of law. " It is well settled that general words of release are deemed to be limited by a recital of a particular claim, obligation or controversy where there is nothing on the face of the instrument indicating that matters other than those specifically referred to were intended to be discharged. (*Mitchell* v. *Mitchell,* 170 App. Div. 452, 456.) " (*Haskell* v. *Miller,* 221 App. Div. 48, 49, affd. 246 N. Y. 618; see, also, *Rubinstein* v. *Rubinstein,* 109 N. Y. S. 2d 725, affd. 279 App. Div. 1073, affd. 305 N. Y. 746.) The release thus presents a question of fact. (*Rosenfield* v. *Rosenfield,* 274 App. Div. 451.) A second defense relates to a compromise agreement, pursuant to which defendants are alleged to have paid $9,000 and assumed certain mortgages and other indebtedness, in satisfaction of all claims of plaintiff and her husband. Supporting affidavits and various documents are submitted, none of which are sufficient to establish the sufficiency of the defense as a matter of law. Among the documents are a full-covenant warranty deed to Mrs. Tuttle and the contract which preceded it. By the deed, plaintiff conveyed her then interest in the property, presumably the one-half interest remaining after her prior conveyance of May 16, 1949. These documents in no way establish the payment of the $9,000 consideration alleged in the defense and although each refers to certain mortgages to be assumed, the omission of any reference to the mortgage in suit is of no compelling significance, as that mortgage was allegedly of another and separate interest theretofore conveyed and not included in the second deed or in the contract. Any inference to be drawn from these documents or from the credit statement submitted on the motion is for the trier of the facts. The assertion that defendant Arthur B. Tuttle, joined pursuant to subdivision 1 of section 1079 of the Civil Practice Act has no interest, in possession or otherwise, was controverted by affidavit and the motion to dismiss, as to him, on the ground that he is not a proper party, was also properly denied. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.