Van Voorhis, J.
(dissenting). This is not a case for summary judgment, as it seems to me, dismissing the complaint without a trial. Plaintiff claims to have been expelled wrongfully from *164 membership in the National Maritime Union of America, He is suing both for reinstatement of his membership and for damages which he claims to have sustained by reason of his expulsion. His action is against the union alone insofar as the complaint asks for reinstatement, and against the union’and its officers to the extent that money damages are sought. The complaint has been dismissed under rule 113 upon motion by the defendants on the basis of an alleged release which is general in its terms, and has been held to bar whatever right plaintiff may have to the resumption of his membership as well as to recover damages. The effect of the summary judgment which has been entered is to prevent plaintiff’s reinstatement permanently, regardless of whether he was unlawfully expelled. This may well have the effect of preventing him perpetually from engaging in his regular occupation.
The document which is fraught with these formidable consequences recites that the consideration paid for it was $225. The record indicates that the occasion for its delivery was a suit for $495 begun by plaintiff in the Municipal Court to recover that amount from the union by way of salary, vacation and severance pay. Before settling that claim on payment of $225, the union insisted upon receiving a general release. This release contains no recital of the Municipal Court action, consequently the rule has not been applied that general words are limited under certain circumstances by the recital of a particular claim, obligation or controversy (Mitchell v. Mitchell, 170 App. Div. 452, 456; Haskell v. Miller, 221 App. Div. 48). Special Term considered that, even so, “ Whether a release is to be treated as including all possible claims depends upon the purpose for which the release is given ” (Simon v. Simon, 274 App. Div. 447, 449). The Appellate Division by a divided court reversed and dismissed the complaint on the basis that where a release is general in its terms and there is no limitation by way of recital or otherwise, the instrument itself is the only competent evidence of the agreement of the parties and, if the words fairly import a general discharge, their effect may not be limited so as to exclude a demand simply upon proof that at the time of its execution this particular claim or demand was not discussed (Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182). The correctness of that general rule is readily con *165 ceded. Its limits were reached, however, in Simon v. Simon (supra), where, as in the present case, there was no recital of any particular disputed claim in the release, yet this was held not to prevent a wife from recovering possession of her bracelet and earrings from her husband. The release had been given in connection with the discharge of the husband from any claim of the wife that she had an interest in his copartnership. Without departing from the Kirchner rule, it seems to me that there is at the least a triable issue concerning whether the release in this instance was given for the purpose of precluding an action by plaintiff for reinstatement in the National Maritime Union. It is true that before the union would settle the action in the Municipal Court, it insisted upon the delivery of a general release; nevertheless, even if this release had been intended to discharge any claim for damages which plaintiff might make against the union arising from his expulsion, that is a far cry from the equitable relief which plaintiff asks in this action of being reinstated as a member of the union.
Regardless of whether the Simon case (supra) was correctly decided, this release discloses on its face that it was not intended to operate so as to discharge demands or causes of action thereafter arising. That accords with the general rule that ‘ ‘ A release ordinarily operates on the matters expressed therein which are already in existence at the time of the giving of the release. Accordingly, demands originating at the time a release is given or subsequently, and demands subsequently maturing or accruing, are not as a rule discharged by the release unless expressly embraced therein or falling within the fair import of the terms employed.” (76 C. J. S., Release, § 53, p. 699.) This statement conforms to the law of New York State (Farnham v. Farnham, 204 App. Div. 573; Celmer v. Feinborough Homes, 253 App. Div. 832; Matter of Quick, 147 Misc. 28, 35, per Wingate, S.).
If this release could have been designed to discharge the union from claims for damages by reason of the unlawful expulsion of plaintiff, in addition to the controversy regarding the salary, vacation and severance pay for which he sued in the action in the Municipal Court, that would not signify that it was intended to relieve the union from whatever duty it may have been under to reinstate him as a member. If plaintiff’s *166 expulsion was wrongful, it became the duty of the union to mitigate the resulting damage by receiving him back as a member upon demand. His expulsion, and refusal to reinstate him upon demand, are separate wrongs; at least, continuing to prevent him from exercising the rights of membership is a continuing wrong, if his contention be correct that he was wrongfully removed. The recital of $225 as the amount paid for the release makes it apparent that this is all that the parties had in mind. “ Of course the mere inadequacy of the consideration is not in and of itself sufficient ground for avoiding a release by competent parties, but it is a circumstance that is entitled to weight in determining the intention of the parties to the release, and as to whether or not the releasor understood that he was releasing all claim of damages for a serious injury to his person.” (45 Am. Jur., Eelease, § 28, pp. 692-693.)
We are obliged to assume, for the purposes of this appeal, that plaintiff’s contention that he was wrongfully expelled is well founded. The only issue here is the effect of the release. This instrument possibly discharged the union 'from claims for the payment of damages but, if plaintiff’s deprivation of membership was unlawful, as we are bound for present - purposes to assume that it was, the union would still be obliged to receive him back into the fold, being under a continuing duty to reinstate him at any time upon demand. The release related only to past occurrences, happening before “ the day of the date of these presents ”. At the time when this release was delivered, it could not be assumed that the union afterward would unlawfully refuse to take him back upon demand. Even if plaintiff relinquished money damages for a wrongful act by the union in discharging him from membership, there is nothing in this release to indicate that plaintiff gave to the union continuing license to perpetuate the wrong. If his expulsion was illegal, the union was under the same kind of continuing duty to reinstate him that rests on a municipality to pay a mandated salary. It is the same variety of continuing duty that was held to obviate the four months’ limitation period prescribed by section 1286 o'f the Civil Practice Act in Matter of Benvenga v. La Guardia (182 Misc. 507, 513-514, affd. 268 App. Div. 566, affd. 294 N. Y. 526). Eefusal to reinstate a union member is a similar kind of continuing wrong to that confronting the courts in cases *167 arising under the Civil Service Law or the Education Law where there is an absolute duty (not depending upon the exercise of discretion) to reinstate a civil servant or educator who has been wrongfully discharged (Toscano v. McGoldrich, 300 N. Y. 156, 160; Matter of Gimprich v. Board of Educ. of City of N. Y., 306 N. Y. 401). The reason on account of which the short Statute of Limitations is deemed not to apply, is that the illegal act occurs in the future, when a demand is refused for reinstatement. By the same token, this release does not operate so as to bar the remedy for a future wrong, in refusing to readmit plaintiff to membership upon his demand.
In the absence of language in this release indicating that the union was to be absolved from any duty of restoring plaintiff to membership in the 'future, in addition to the payment of damages for what had occurred in the past, it cannot be assumed without a trial that this instrument was intended by the parties to be accorded the scope which has been given to it by the judgment under review. To construe this release in that manner would infer that its purpose was to sanction what we must assume for present purposes was a continuing wrong, which the union was duty bound to terminate. The small consideration recited in this release is a clear indication that it was not intended to reach into the future so as to impair or destroy plaintiff’s means of livelihood. The National Maritime Union, to be sure, has not been proved to have lacked sufficient basis for expelling plaintiff from membership, but this dissent is based on the circumstance that the judgment decides this point summarily and deprives plaintiff of having his day in court upon the question. Plaintiff should not be silenced by summary judgment upon the sole ground that, as matter of law, his right to pursue his usual occupation has been bartered away for $225.
The judgment of the Appellate Division should be reversed and the order of the Special Term reinstated insofar as it denies the motion for summary judgment.
Desmond, Dye, Fuld and Burke, J J., concur with Froessel, J.; Van Voorhis, J., dissents in an opinion in which Conway, Ch. J., concurs.
Judgment affirmed.