Frank A. Gulotta, J.
With respect to the motion of the defendants to plead the general release which the plaintiff gave to Ernest Kuhlman who was the operator of the automobile which caused the original injury to the plaintiff, as a complete legal defense, I have come to the conclusion that it is not a complete defense.
Since there was no reservation of rights in said release and since the original tort-feasor remained responsible for all of plaintiff’s injuries including those which resulted from the malpractice which plaintiff.claims she .suffered at the hands of the defendants in the effort made to repair her broken nose, and since she actually sued for those additional injuries, defendants rely on the well-settled common-law rule that a release of one party jointly liable with another released all of them. (Milks v. McIver, 264 N. Y. 267.)
However that case, although it was decided in 1934, makes no mention of article 8 of the Debtor and Creditor Law which was *251 enacted in 1928 and which in section 231 defines an u obligee ” as a “ person having a right based on tort ” and in section 235 sets forth a formula where a release is given without reservation of rights, which in substance limits the discharge of the co-obligor to the amount which the discharged obligor was bound to pay as between themselves.
Since joint tort-feasors have a right of contribution only if they are joined in the same lawsuit and each is liable for the full damage, there is no amount which a co-obligor can point to as an amount which the discharged obligor was bound to pay him in all events.
Thus a nonreservation of rights in such a case has no significant effect.
In Rector, Church Wardens etc. v. City of New York (261 App. Div. 614) the Second Department held that these sections do not apply to a tort case for unliquidated damages citing five cases. The first three eases do not deal with the effect of the statute on the common-law rule. In fact the first case was decided in 1921, seven years before the statute. Tie last two cases cited — Gaylor v. Burroughs (248 App. Div. 915, affd. 273 N. Y. 606) and Bossong v. Muhleman (254 App. Div. 738) —both hold that the statute changed the common-law rule. In Gaylor the tort was conversion, but in Bossong the tort was negligence.
The Federal court was confused by these rulings in Rushford v. United States (92 F. Supp. 874, 877) when it observed: “ The release is before the court. It is true section 231 of the Debtor & Creditor Law by its terms includes a liability in tort and includes a person having a right based on tort, and section 235 (b) of the Debtor & Creditor Law seems to be, in my judgment, some effort to modify the common law rule. Again, however, the interpretations in the courts of New York give little effect to sections 231-235 of the Debtor & Creditor Law in situations where joint tort feasors are involved and a release to one without reservation is executed. ’ ’
There is nothing to be found in the sections themselves to justify a distinction based on whether the damages flowing from the tort are liquidated or unliquidated.
The commentary to section 15-105 of the General Obligations Law, the successor to former section 235, states unequivocally that the section repudiates the common-law rule and lastly it may be observed that the Court of Appeals in Derby v. Prewitt (12 N Y 2d 100), in a four to three decision, showed a distinct disinclination to follow the common-law rule although that case is distinguishable from this in that there the malpractice dam *252 ages were not the subject of the release, whereas in this case they were.
I, therefore, am of the opinion that the amount paid in settlement of the prior claim is to be taken into account by way of mitigating the damages recoverable in this lawsuit, since the plaintiff may not be compensated twice for the same injury, but that it may not be used to completely bar a recovery, unless the jury feels that she has already been fully compensated.