■ THOMAS RANDALL, Respondent, v PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered September 22, 1981 in Chemung County, which denied defendant's motion for summary judgment and partially granted plaintiff's cross motion for summary judgment. The sole issue on this appeal is whether Special Term correctly denied defendant's motion for summary judgment dismissing the complaint on the ground that triable issues of fact precluded granting the motion. We agree with Special Term and affirm for the following reasons. On August 17, 1975, plaintiff was struck by a truck while working as a flagman as a result of which he sustained personal injuries. Royal Globe Insurance Company, his employer's compensation carrier, paid plaintiff $18,201.39 in benefits and filed a lien with defendant, which issued both liability and no-fault insurance covering the truck. On or about October 13, 1977, plaintiff's common-law action to recover damages against the owners and operator of the truck was settled for $98,000. On December 6, 1977, plaintiff and his wife executed a general release in favor of defendants in that action which purports to release any and all claims of any kind arising out of the accident including rights, actions or claims under New York no-fault and workers' compensation statutes. The release itemized payment of $79,798.61 to plaintiff and $18,201.39 to be deposited in court as payment of the workers' compensation lien. Concomitant with the October 13, 1977 settlement, defendant commenced an interpleader action against Royal Globe Insurance Company and plaintiff, seeking discharge of its liabil-

ity by payment of the $18,201.39 into court for the compensation lien. On April 24, 1978 that action was settled by stipulation in open court followed by an order providing that the $18,201.39 be paid by defendant to its attorney in escrow, and that the funds be held pending the court's further determination as to whether or not any fees for plaintiff's attorney should be chargeable against Royal Globe. In an order made August 24, 1978, the court directed $4,588.54 be paid to plaintiffs as attorney's fees and $13,612.85 be paid to Royal Globe Insurance Company. In May, 1979, plaintiff commenced this action seeking recovery of the $18,201.39 which defendant had deducted from the proceeds of the settlement of his prior common-law action to be used for the compensation lien. After service of an answer, each party moved for summary judgment. Plaintiff contends that the regulations promulgated by the Superintendent of Insurance regarding reimbursement of workers' compensation liens from the proceeds of a third-party action to recover noneconomic loss sustained in an automobile accident (11 NYCRR 65.6 [p] [5] [ii] [designed to overcome the harsh effect of *Matter of Granger v Urda,* 44 NY2d 91, and to implement *Grello v Daszykowski,* 44 NY2d 894]) provide that there can be no reduction of first-party no-fault benefits when a workers' compensation lien has been satisfied out of any recovery in a third-party action to recover noneconomic loss. Plaintiff argues that pursuant to 1978 amendments to section 29 of the Workers' Compensation Law and 11 NYCRR 65.6 (p) (5) (ii) he is entitled to be made whole through payment of no-fault benefits to the extent of items of economic loss included in the workers' compensation lien. Defendant, on the other hand, argues that the $98,000 settlement was specifically segregated into two parts, $83,000 for noneconomic loss and $15,000 for no-fault benefits which are for economic loss.* Defendant further contends that in the general release, plaintiff specifically released all claims under the no-fault and workers' compensation statutes. Special Term correctly denied defendant's motion for summary judgment. Issue-finding rather than issue-determination is the key to the summary judgment procedure (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Whether there was a meeting of the minds at the times of settlement and execution of the release, and whether mistake as to the material elements of the settlement prevented assent necessary to form binding agreements, are triable factual issues. We further affirm the order granting plaintiff partial summary judgment for $3,201.39 plus interest, it obviously appearing that such amount was never paid to or on behalf of plaintiff in the $98,000 settlement, which, by defendant's own argument, was comprised of payment of $83,000 to plaintiff and $15,000 held to discharge the workers' compensation lien. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

---

* There is an inconsistency in defendant's arguments in that the workers' compensation lien was $18,201.39 while the third-party settlement check was $15,000.