■ EDWARD V. GREEN et al., Appellants, v LAKE PLACID 1980 OLYMPIC GAMES, INC., Respondent.—Mercure, J. Appeal (1) from that part of an order of the Supreme Court (Dier, J.), entered February 1, 1988 in Essex County, which, *inter alia,* partially granted defendant's cross motion for summary judgment by dismissing the complaint of plaintiff Edward V. Green and granting judgment on defendant's counterclaim against plaintiff Edward V. Green Enterprises, Inc., and (2) from the judgment entered thereon.

Plaintiff Edward V. Green Enterprises, Inc. (hereinafter Green Enterprises) and defendant entered into an agreement in December 1979 which obligated Green Enterprises, a talent-booking agent, to engage entertainers to perform for the athletes at the 1980 Winter Olympic games and provided, *inter alia,* that defendant would reimburse Green Enterprises for reasonable expenses incurred in connection with its services. Green Enterprises and defendant entered into an additional agreement in February 1980 which authorized Green Enterprises to develop and produce a television musical variety special, in exchange for which it was to pay defendant 10% of net income from the project, with a guaranteed minimum fee of $50,000, due and payable no later than April 24, 1980.

In April 1980, Green Enterprises commenced an action against defendant to recover $57,100.25, alleged to be owed for unreimbursed expenses under the first contract. This claim was initially disputed but, after Green Enterprises' compliance with a request for further substantiation of certain expenses incurred, was ultimately settled in October 1982 for the full amount sought, exclusive of interest, costs or disbursements. The release specifically incorporated a December 1981 letter to creditors and repayment plan[1] and recited that the

---

1. Defendant became insolvent following the 1980 Winter Olympic

subject claim was $57,100.25. It further provided: "The undersigned hereby acknowledges and accepts the terms of the Plan and agrees to accept its distribution as provided for therein in full and complete settlement, satisfaction and discharge of any and all claims of any kind or nature that it has or may have against [defendant]."

In May 1983, Green Enterprises and its principal, plaintiff Edward Green, commenced the present action seeking damages of $2,250,000 arising out of the second contract, pleading causes of action in breach of contract and quantum meruit. Defendant's answer asserted, *inter alia,* affirmative defenses of accord and satisfaction and release and a counterclaim against Green Enterprises to recover $50,000, alleged to be due and payable as its minimum fee under the contract. Plaintiffs moved for partial summary judgment striking the affirmative defenses; defendant cross-moved for summary judgment dismissing the complaint and for the relief demanded in the counterclaim. Supreme Court determined that the release executed in connection with settlement of the prior action barred plaintiffs' action as a matter of law and, accordingly, denied plaintiffs' motion.[2] It granted defendant summary judgment dismissing the complaint of Green but denied the motion as to Green Enterprises, although it determined that this action was "moot". Finally, it granted summary judgment for the relief demanded in the counterclaim against Green Enterprises but denied the motion as against Green. Plaintiffs appeal.

We conclude that Supreme Court properly granted summary judgment dismissing the complaint of Green and the counterclaim asserted against him since he was not a party to the contract forming the basis for the actions. However, we find error in the balance of Supreme Court's determination. In our view, the October 1982 release executed by Green Enterprises is by no means free from ambiguity, and a factual issue exists as to whether the parties intended that it bar the present action.

---

Games. The State appropriated funds for payment of creditors' claims, to be distributed in accordance with a plan developed by defendant and the New York State Urban Development Corporation.

2. Supreme Court did not address the merit of the affirmative defense of accord and satisfaction but nevertheless denied plaintiffs' motion in its entirety. Since no facts were adduced to support the defense *(see generally,* 19 NY Jur 2d, Compromise, Accord, and Release, § 1 *et seq.),* a contention urged by plaintiffs and not controverted by defendant on appeal, plaintiffs' motion for summary judgment should have been granted to the extent of dismissing the affirmative defense of accord and satisfaction.

Well settled is the rule of law that: "A release may contain specific recitals as to the claims being released, and yet conclude with an omnibus clause to the effect that the releasor releases and discharges all claims and demands whatsoever which he or his heirs, executors, administrators, or assigns have or may have against the releasee. In such situations, the courts have often applied the rule of ejusdem generis, and held that the general words of a release are limited by the recital of a particular claim, where there is nothing on the face of the instrument, other than general words of release, indicating that matters other than those specifically referred to were intended to be discharged (19 NY Jur 2d, Compromise, Accord, and Release, § 83, at 435)." *(See, Murphy v City of New York,* 190 NY 413, 415-416; *Herman v Malamed,* 110 AD2d 575, 576-577; *Topat Equip. Co. v Porter,* 50 AD2d 1098; *Seifer v Tuttle,* 2 AD2d 927, 928.)

We recognize that releases containing standardized and ritualistic language are often given under circumstances where the parties are not looking beyond the precise matter in dispute that is being settled *(Mangini v McClurg,* 24 NY2d 556, 562). Here, the release's specific reference to the outstanding contract claim of Green Enterprises, reciting the amount sought therein to the penny, combined with the additional factors that Green Enterprises had documented its entitlement to the full amount of the claim, the release was prepared by defendant's attorney and not reviewed by Green Enterprises' attorney prior to its execution, no consideration was furnished for the release of any additional claim and, in fact, no other claim was in suit at the time, suffices to raise an issue of fact as to the parties' intent *(see, Randall v Pennsylvania Natl. Mut. Cas. Ins. Co.,* 88 AD2d 744, 745; *Beardslee v Blomberg,* 70 AD2d 732, 733) and permits resort to extrinsic evidence as an aid to interpretation *(see, Mangini v McClurg, supra,* at 563). Significantly, plaintiffs submitted the affidavit of Michael Colopy, special assistant to Governor Carey at the time of the 1980 Winter Olympic games, who asserts that defendant's attorney stated to him, as an inducement to Green Enterprises' settlement of the first action, that the present action would not be affected thereby; this is persuasive evidence to support plaintiffs' contention that the parties intended to release only the claim for unreimbursed expenses.

Because we determine that the action of Green Enterprises is not barred as a matter of law by either release or accord and satisfaction, summary judgment should be withheld on the counterclaim. In our view, the issues involved in the two

claims are inextricably intertwined, defendant's entitlement to the contract price depending upon the resolution of factual issues in plaintiffs' action (see, Created Gemstones v Union Carbide Corp., 47 NY2d 250). Moreover, the language of the February 1980 contract that it was subject to the negotiation and execution of a formal agreement covering its subject matter creates a further factual issue precluding summary judgment on the counterclaim.

Order modified, as a matter of law, without costs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment dismissing defendant's affirmative defense of accord and satisfaction and granted defendant summary judgment for the relief demanded in its counterclaim; plaintiffs' motion for partial summary judgment dismissing the affirmative defense of accord and satisfaction granted and defendant's cross motion for summary judgment for the relief demanded in the counterclaim denied; and, as so modified, affirmed.

Judgment entered in favor of defendant in the amount of $50,000 and interest vacated, on the law, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.