■ KRISTEN SAYERS, Appellant-Respondent, v ORESTE ALBICOCCO, Respondent-Appellant. [683 NYS2d 98] —In an action to recover damages for personal injuries based on assault and battery, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated October 29, 1997, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and the defendant cross-appeals from so much of the same order as denied the branch of his motion which was for the imposition of sanctions.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

As part of their stipulation of settlement of a prior matrimonial action, the parties agreed to release each other from liability "with respect to support, maintenance, equitable distribution, counsel fees and any and all other claims *related* between the parties" (emphasis added). The nonstandard placement of the adjective "related" results in an ambiguity as to whether the parties' mutual releases were in fact intended to be limited to only those claims which were "related" to the specific issues listed in the text of the stipulation, i.e., support, maintenance, equitable distribution, counsel fees. The parties' conflicting affidavits do not allow for resolution of the issue of fact as to whether the parties agreed to release each other from liability for damages based on interspousal torts such as assault or battery (*see, e.g., Simon v Simon,* 274 App Div 447; *see also, Structural Processing Corp. v Farboil Co.,* 234 AD2d 284; *Seifer v Tuttle,* 2 AD2d 927).

The plaintiff's assertion of a cause of action alleging battery cannot be considered frivolous, and therefore the Supreme Court properly denied that branch of the motion which was to impose sanctions. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.